[No. 2354.]

WILL GAGE v. THE STATE.

THEFT, AND THEFT FROM THE PERSON—VENUE—CHARGE OF THE COURT.
—Theft and theft from the person are distinct and separate offences, comprehending different elements and punished by different penalties. Theft may be prosecuted either in the county of the taking or in any

county through or into which the stolen property was taken by the thief, because, the theft of the property being once complete, the offence is considered to be committed in every county through or into which it was taken by the thief. But the two essential elements of theft from the person, to wit, that the property was taken from the person, and that it was so taken without the knowledge of the person from whom it was taken, or so suddenly as not to allow the injured person time to resist, can transpire only in the county of the actual, overt act of the taking, and hence that county is the county of the venue. Instruction, therefore, that, if the evidence showed that the taking was done in E .county, and that the property taken was brought by the accused into the county of the forum the venue was sufficiently proved, was error. See the opinion *in extenso* for an elaboration of the ruling, and for the distinctions between ordinary theft and theft from the person.

APPEAL from District Court of Wise. Tried below before the Hon. F. E. Piner.

The indictment charged the appellant with the theft of a. watch from the person of W. R. V. Glasscock, in Wise county, Texas, on the first day of November, 1885. His trial resulted in his conviction, and his punishment was assessed at a term of two years in the penitentiary.

W. R. V. Glasscock testified, for the State, that he attended a. party in Ellis county, Texas, on the night of November 1, 1885. He wore his silver watch in the pocket of a winter vest, from which it could not possibly have been dropped. He missed it. about ten o'clock on that night, and knew that it must have been removed from his vest pocket by force. Among others, he asked defendant if he knew anything about it, thinking he or some of the boys may have taken it in fun. Defendant said that he knew nothing of it, and would aid the witness in his. efforts to recover it. Witness and defendant were then working together. Shortly afterwards defendant left with one McNeeley for his home in Wise county. Witness wrote to McNeeley to look out for the watch and recover it if he could. Some time afterwards witness received a postal card from T. R. Allen, foreman of the Wise county grand jury, informing him of the recovery of the watch. Witness identified the watch in evidence as the one taken from him in Ellis county.

W. G. Looney testified, for the State, that late in December, 1885, the defendant came to his house in Wise county, having the watch in evidence in his possession. He offered to trade the

same to the witness. Defendant had but recently returned to Wise from Ellis county.

T. R. Allen testified, for the State, that McNeeley came to him in Wise county, Texas, and showed him a letter from Glasscock about the watch in question. Witness went to defendant and asked to be shown the watch he had offered to trade to old man Looney. Defendant exhibited a silver watch, which the witness knew to belong to one Gilbreath. Witness told him that he did not want to see that watch, but wanted to see the one he offered to trade to Looney. Defendant protested that that was the one. Witness suggested that they would refer the question of identity to Mr. Looney—adding that he wanted to see the Glasscock watch. Before reaching Looney's, defendant said that it was not worth while going further, and that, if witness would not prosecute him, he would produce the Glasscock watch. Witness promised that he would not institute proceedings himself, and defendant took him to Gilbreath's house. He left witness at the house, went to Gilbreath's stable and returned with the watch, which Glasscock afterwards identified. Witness turned the watch over to Glasscock. Constable John Gage, a cousin of the defendant, and of the witness's wife, was present when the defendant produced the Glasscock watch.

John Gilbreath testified, for the State, that he first saw the watch in controversy in the possession of the defendant in Wise county, Texas. He made a temporary exchange of watches with the defendant.

The motion for new trial raised the question discussed in the opinion.

*Crane & Patterson,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was indicted for privately stealing a watch from the person and possession of one Glasscock, and the offense is alleged to have been committed in the county of Wise. As disclosed by the evidence, the theft was actually and in fact committed in the county of Ellis, but defendant after the theft carried the watch into, and it was recovered by the owner in Wise county, from a party into whose keeping it had been placed by defendant.

It is most urgently insisted on this appeal that the proof of

venue of the offense, as laid in the indictment, is not supported
by this evidence.  "Theft from the person," as the same is de-
fined by our code (Penal Code, Arts. 744, 745), it is contended, is
different, in its most important and essential particulars, from
ordinary or general theft (Penal Code, Art. 724), and that, from
its nature and constituent elements, it is impossible to bring it
within the terms of that provision of our law which declares.
that, "where property is stolen in one county and carried off by
the offender to another, he may be prosecuted either in the
county where he took the property, or in any other county
through or into which he may have carried the same." (Code
Crim. Proc., Art. 216.)

Our statutes unquestionably make a marked distinction be-
tween the crimes of ordinary theft and theft from the person.
"Theft from the person" is *sui generis;* is an offense distinct
from any other theft, and the punishment prescribed therefor is.
not graded the same as in other thefts; it is a felony without
regard to the value of the property stolen; under an ordinary
indictment for theft, a party can not be convicted for privately
stealing from the person; the indictment, to warrant a convic-
tion, must state every thing which is essential to the proof of
the crime; that is, that the offense was "committed without the
knowledge of the person from whom the property was taken, or
so suddenly as not to allow time to make resistance before the
property is carried away;" and the proof must correspond with
the allegation. (Penal Code, Arts. 744, 745; Harris v. The State,
17 Texas Ct. App., 132; Kerry v. The State, *Id.*, 180.) As known
to our code, the offense is more nearly akin to robbery than any
other crime; the difference being mainly in the aggravating
circumstances accompanying the larceny—larceny being a com-
mon basis of both offenses.  Like robbery, it may be said to be
a compound offense—a trespass and a theft.

A general rule as to venue and jurisdiction is that the proof
must establish a complete commission of the offense in the county
where the offense is laid.  (1 Bish. Crim. L., 7 ed., sec. 139 ;
Searcy v. The State, 4 Texas, 450.)  But the rule with regard to.
ordinary theft is that "after one has done what amounts to a.
complete theft, if he continued carrying away the stolen things,
each step he takes with them may be treated as a new trespass,
and, the intent to steal not being abandoned, a fresh larceny ;.
the consequence of which is that he may be indicted either in
the county where he first took the goods or in any other into.

which, the intent to steal continuing, he carries them." (1 Bish. Crim. Proc., 3 ed., sec. 59 ; Dixon v. The State, 15 Texas Ct. App., 480.)

"If, however, the larceny in the first county is compound, as if it is committed in the course of a robbery, the conviction in the second county can only be for the simple larceny, not including its aggravations, because the aggravations took place only in the first county." (1 Bish. Crim. Proc., sec. 60.)

Mr. Russell, in his celebrated work on Crimes, says: "Larceny, like every other offense, must be regularly tried in the same county or jurisdiction in which it was committed ; but it should be noted with respect to larceny that the offense is considered committed in every county or jurisdiction into which the thief carries the goods ; for the legal possession of them remains in the true owner, and every moment's continuance of the trespass and felony amounts to a new caption and asportation. * * * But, if a compound larceny be committed in one county and the offender carry the property into another, though he may be convicted in the latter county of the simple larceny, he can not be there convicted of the compound larceny. (2 Russ. on Crimes, 9 ed., p. 327.)

"In Haskins v. The People, it is said : 'Burglary, when accompanied with larceny, is a compound offense. Under a count for the burglary the prisoner may be convicted for a simple larceny. At common law the burglary could only have been prosecuted in the county where it was committed, but when accompanied with larceny the latter could be prosecuted in any county into which the prisoner took the stolen property. The same is true of robbery or other compound offenses. The principle is well illustrated in the following passage from Hale : 'A robs B on the highway in the county of C, of goods of only the value of twelve pence, and carries them into the county of D. It is certain that this is larceny in the county of D as well as in the county of C, but it is only robbery in the county of C, where the first taking was ; and for robbery he can not be indicted or apprehended in the county of D, but only in the county of C. But he may be indicted of larceny in the county of D, though the robbery were but of the value of one penny ; yet if A were indicted thereof in the county of C, he should have had judgment of death and been excluded from clergy.' (1 Hale P. C., 536.) In these cases the indictment takes no notice of the county where the first taking was ; the theory being that the legal possession

·of the goods remains in the true owner, and every moment's continuation of the trespass and felony amounts to a new caption and asportation.' * * * The idea that in cases of this description the crime is considered as actually committed in the county where the offender is found with the goods is distinctly carried out in Rex v. Parker, 1 Russell, 174. An indictment was found in Hertfordshire for stealing four live tame turkeys; and it appeared that they were stolen in Cambridgeshire, killed there, and carried dead into Hertfordshire; and upon the point being heard the judges held that, though the carrying into Hertfordshire constituted a larceny, yet it was a new larceny there, and a larceny of dead turkeys and not of live ones." (16 N. Y. Ct. App., 344.)

It is this doctrine, doubtless, which gave rise to our statute, *supra*, Code of Criminal Procedure, Article 216. But under this statute of ours it has been held that where a party is prosecuted in a county other than that in which the theft was committed, a complete offense must be shown in the county where the conviction was had. (Roth v. The State, 10 Texas Ct. App., 27.) Now to constitute a complete offense of theft from the person it must be alleged in the indictment and be sustained by the proof that: 1. The theft was from the person. 2. It must have been committed without the knowledge of the person from whom the property was taken, or so suddenly as not to allow time to make resistance before the property is carried away. (Kerry v. The State, 17 Texas Ct. App., 180.)

In the case in hand was such a complete offense committed in Wise county? Did appellant take Glasscock's watch from his person, and without his knowledge, in Wise county? If not, whatever offense he may have committed by carrying the watch into that county, it was not the distinctive specific offense defined by our code as "theft from the person." He might doubtless have, under this indictment, been found guilty of ordinary theft in Wise county (Roth's case, *supra*), but even in that ·event the evidence should have shown the watch to have been of value more than twenty dollars to have warranted a felony conviction.

It follows from the above that the learned judge who tried the ·case below erred in instructing the jury to the effect that if the watch was privately stolen from the person of the owner in Ellis county and brought by defendant into Wise county, that the defendant might be tried and convicted in Wise county.

Because the charge of the court was erroneous, and because the verdict and judgment are not sustained by the evidence as to the jurisdiction of the offense found to have been committed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*